IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 07-cv-00595-MSK-MJW

JANIS M. REIGEL, et al.,

Plaintiff(s),

v.

CANYON SUDAR PARTNERS, LLC., et al,

Defendant(s).

---

## SIGNED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER REGARDING ARBITRATION RELATED DISCOVERY

Case 1:07-cv-00595-MSK-MJW   Document 106-2   Filed 07/23/2007   Page 1 of 17

*Signed*

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

## REGARDING ARBITRATION RELATED DISCOVERY

Pursuant to Court Order (Doc. No. 90, filed on July 9, 2007), the parties are filing this confidentiality stipulation and protective order regarding arbitration related discovery. The arbitration related discovery sought by the parties in *Reigel v. Canyon Sudar et al.,* more fully described in paragraph 7, is likely to involve production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, the parties stipulate and agree that good cause exists to support the entry of a protective order relating to arbitration related discovery. Therefore, the parties, through their respective counsel, agree to enter into this Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation" or "Protective Order") to govern the production of documents and testimony regarding arbitration related discovery that contain confidential information and agree to be mutually bound by its terms.

By filing this document, the parties are not waiving any arguments that they have made in any pleadings filed with this Court, including but not limited to the defendants' Motion to Compel Arbitration; defendants Canyon Sudar and SavaSeniorCare's Motion to Dismiss; and any discovery related objections, including but not limited to, the defendants' Objection to Magistrate Watanabe's Order Relating to Plaintiffs' Request to Take Discovery on Arbitration Issues; the defendants' Objection to Magistrate Watanabe's Scheduling Order; and the Motions to Stay Discovery.

**PROTECTIVE ORDER**

**Definitions**

1.      All words or phrases have their ordinary dictionary definition unless defined in this agreement.

2.      The terms *"Party"* or *"Parties"* means any parent, subsidiary or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives.

3.      The term *"Person"* includes but is not limited to any legal or natural person directed to produce documents or information in this matter.

4.      The term *"Trial Counsel"* shall mean the outside counsel identified on the signature pages hereto, employees of their respective law firms, and in house counsel of the parties principally involved in the litigation or arbitration of this matter.  If any of the parties seek to substitute any of the law firms listed on the signature pages with another law firm or to add additional law firms, it shall notify the opposing party(ies) of the intended substitution or addition.  Prior to disclosure of "Confidential Information," the substitute or additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with all provisions of this Protective Order.

5.      The terms *"Independent Expert"* and *"Independent Consultant"* mean a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's trial counsel for the purpose of assisting in this litigation.

6.      The term *"Confidential Information"* means information in written, oral, electronic or other form, whether it be a document; a portion of a document; correspondence;

2

information contained in or derived from a document; information revealed during a deposition;

an affidavit; expert reports; legal briefs or memoranda; trial or hearing testimony; arbitration;

information revealed in responding to a discovery request, such as answers to interrogatories and

responses to requests for admission; related information; information disclosed pursuant to the

disclosure or discovery obligations created by the rules of civil procedure or any through any

arbitration rules; or other information that:

(a)     a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence); or

(b)     relates to the non-care related claims brought by the plaintiffs in the litigations covered by this Confidentiality Stipulation, including, but not limited to the following:    information relating to the legal, financial, and ownership relationships of the defendants, between the defendants, and of any related entities; information relating to the services, functions, operation, or management of any long-term care facilities relating to the defendants; information relating to any mergers or sales, including assumptions of liabilities or obligations; and information relating to financial status and/or ability to pay claims; and

(c)     a party or person designates as "Confidential" in accordance with this Confidentiality Stipulation.

3

7.        The term *"Litigation"* means the lawsuit currently titled: *JANIS M. REIGEL, individually; BRENT A. REIGEL, individually; and BRADLEY REIGEL, individually, Plaintiffs, v. CANYON SUDAR PARTNERS, L.L.C., a Delaware Limited Liability Company; SAVASENIORCARE, L.L.C., a Delaware Limited Liability Company; SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C., a Delaware Limited Liability Company; SSC THORNTON OPERATING COMPANY, L.L.C., a Delaware Limited Liability Company; all d/b/a ALPINE LIVING CENTER; SUSAN KOPCINSKI, individually; JACKIE CHO, individually; and SARAH PEMKIEWICZ.* This case is currently pending in the United States District Court for the District of Colorado and has Civil Action Number 07-CV-00595-MSK-MJW. However, the defendants have filed a Motion to Compel Arbitration because they believe that this matter is subject to a valid arbitration agreement. The protective order applies to any arbitration, mediation, or settlement conference associated with the lawsuit or dispute (the order applies even if the Court compels arbitration), and all subsequent proceedings. All production and disclosure of "Confidential Information" during this litigation or proceeding shall be governed by this agreement. All confidential information shall be used solely for the purposes of these litigations, and shall not be disclosed to any attorney who is not trial counsel.

8. The term *"Document(s)"* shall include all material within the meaning of Rule 34(a) of the Federal and Colorado Rules of Procedure and Rule 1001 of the Federal and Colorado Rules of Evidence. Without limitation, the term *"Document(s)"* includes any medium by which information is recorded, stored, communicated, or utilized, including papers of any kind and any method or medium by which information may be generated, created, communicated, recorded, stored, or retrieved by people or computers. Further, *"Document(s)"* includes photographs, x-

4

rays, motion pictures, audiotapes, videotape records, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage and duplicates or reproductions of the same by any method.

### Designation of Confidential Information

9. *Designation of Tangible Material.* Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on all pages of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation. The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential Information.

10. *Designation of Intangible Material.* Intangible material claimed to be or contain Confidential Information shall be designated by the producing party as "Confidential" in a writing provided to the receiving party at the time of production.

11. *Subsequent Designation.* Documents and/or materials produced in the litigation or proceeding that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who

receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Confidentiality Stipulation. No distribution prior to the receipt of such written notice shall be deemed a violation of this Confidentiality Stipulation.

12. *Designation of Interrogatory Responses.* If an answer to an interrogatory is to contain Confidential Information, such Confidential Information shall be stated on a separate page to be incorporated by reference in the body of the interrogatory response. Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Confidentiality Stipulation.

13. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. If only a portion of a deposition is designated as Confidential: (a) the Confidential portion(s) shall be transcribed and bound separately from a complete version of the deposition and shall be labeled "Confidential" and treated as such pursuant to this Confidentiality Stipulation, (b) the portions that do not contain Confidential Information shall be transcribed and bound separately from a complete version of the transcript, and (c) the complete version shall be labeled "Confidential" and treated as Confidential material pursuant to this Confidentiality Stipulation. The original of any

6

deposition transcript that contains Confidential Information shall be designated by the Court Reporter with the applicable legend, and shall be sealed, identified as being subject to this Confidentiality Agreement, and not opened except by order of the Court or agreement of the parties. The entirety of any original videotape that contains Confidential Information shall be treated in the same manner.

14. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below, provided that the parties or persons must negotiate in good faith regarding any disputes over designation of Confidential Information before presenting the dispute to the Court.

   (a)     The producing party or person may agree in writing to downgrade or eliminate the Confidential designation on any information or material it produced.

   (b)     If the parties or persons cannot agree as to the designation of any particular information or material, the receiving party or person may move the Court to downgrade or eliminate the Confidential designation. The burden of proving that the information has been properly designated as protected shall be on the party or person who made the original designation.

## Access to Confidential Information

15. *General Access.* Except as otherwise expressly provided herein or ordered by a Court, Confidential Information may be revealed only as follows:

   (a)     To the Court, Court staff, arbitrator(s), or jury, as applicable.

(b)      To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity. Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special master(s) must acknowledge the terms of this Confidentiality Agreement, as described at sub-paragraph (i).

(c)      To trial counsel for a party hereto, but only if they are signatories to this Confidentiality Stipulation.

(d)      To secretaries, paralegals, and other staff employed in the offices of such trial counsel who are working on the litigation or proceeding.

(e)      To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(f)      To witnesses who, at the time they testify or are deposed, are employed by or retained by the party that produced the Confidential Information or designated the information as protected.

(g)      To independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement, or trial of this litigation, but only if the following conditions are met: a party who proposes to reveal Confidential Information to any independent expert or independent consultant

shall, before revealing any Confidential Information to such person, obtain an agreement as described at sub-paragraph (i).

(h)      To such other persons as the parties may agree in writing and who sign an agreement as described at sub-paragraph (i), provided that the party seeking to disclose the Confidential Information gives twenty (20) calendar days written notice to opposing counsel, so that opposing counsel has an opportunity to object and seek further clarification, if necessary.

(i)      Before disclosing confidential information to the individuals in sub-paragraphs b, c, g, and h, the party making the disclosure shall obtain from such person a written acknowledgement that he or she has received a copy of this Confidentiality Stipulation and Protective Order and that he or she has read the order and agrees to be bound by its provisions.   All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court/arbitrator if opposing counsel demonstrates good cause for review.

16. *No Copies/Notes/Electronic Postings/Electronic Distribution.*  Except for internal use by trial counsel for the parties hereto, for Court/arbitrator and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.  This prohibition is intended to include a ban on posting or copying the document(s) electronically or producing the document(s) to the

public in any form, including but not limited to, e-mailing the document(s) to an individual or listerv, such as listserv or exchange groups sponsored by an association; posting the document(s) to a website; adding the document(s) to an e-mail distribution list; or otherwise distributing the document(s) electronically or through the Internet. Usage of confidential material is expressly limited to the litigation described in paragraph 7.

17. *Agreements to Provide Access.*   The parties may agree in writing to permit access to Confidential Information to persons not otherwise granted access by the terms of this Confidentiality Stipulation.   The writing must identify the particular person to whom the Confidential Information will be disclosed and specify, by Bates number if possible, the Confidential Information to be disclosed.   Prior to such disclosure, all trial counsel must comply with paragraph 15(i).   Notwithstanding this paragraph, no attorneys other than trial counsel shall have access to Confidential Information.

18. *Access by Court Reporters.*   Excluding court proceedings or court-appointed court-reporters or transcribers, any court reporter or transcriber who reports or transcribes testimony in this litigation or proceeding shall agree by a statement on the record, before recording or transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential.   The reporter or transcriber shall further affirm that such information will not be disclosed by such reporter or transcriber except to the attorneys for each party, and copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality by such reporter or transcriber or shall be delivered to the undersigned attorneys.

19. *Disputes over Access.*   If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.   The party seeking to disclose Confidential Information to a particular person shall have the burden of persuasion, although the designating party shall always have the burden of persuasion as to the propriety of the designation.

## Use of Confidential Information

20. *Use at Depositions.*   If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Confidentiality Stipulation to receive the Confidential Information.

21. *Use at Court Hearings, Trial, and/or Arbitration.*   Subject to the Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing, arbitration, or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court or arbitrator and counsel for the producing or designating party.   Any party may move the Court or arbitrator for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal of persons not authorized by this Confidentiality Stipulation to receive Confidential Information.   If presented at trial or arbitration, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

## Other Provisions

22. *Filing Under Seal.* Each document filed with the Court or an arbitrator that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court.   Copies of such documents served on counsel for other parties shall be marked as Confidential.

*[handwritten: consistent with D.C. Colo L Civ R 7.2 And 7.3]*

23. *Maintaining Sealed Documents.* The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that are filed in this litigation *[handwritten: upon Approval And order of court.]*

24. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

25. *Storage.* Confidential Information subject to the terms of this Confidentiality Stipulation shall, when not in use, be stored in such a manner as to protect against disclosure to persons who do not have a need in this litigation to see the Confidential Information and who are not in the employment of those possessing Confidential Information.

26. *Return/Destruction after Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court or arbitrator, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.   Alternatively, as to work product that reflects or refers to

12

Confidential Information, if trial counsel desires to destroy the other party's Confidential Information in lieu of returning it, trial counsel shall supervise and certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court.

27. *Continuing Obligation.* Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Confidentiality Stipulation. The Court shall retain jurisdiction to enforce the terms of this Confidentiality Stipulation, *until Termination of This case.* Every person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of the Confidentiality Stipulation.

28. *Not an Admission.* Nothing in this Confidentiality Stipulation or done by the parties pursuant to this Confidentiality Stipulation shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

29. *Inadvertent Disclosure of Privileged Information.*   If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.   The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information on the grounds of waiver, etc.

30. *Modification.*  This Confidentiality Stipulation may be modified by the Court or arbitrator at any time for good cause shown following notice to the parties and an opportunity to be heard. In addition, the parties may by written stipulation provide for exceptions to this Confidentiality Stipulation and any party may seek an order of the Court modifying or interpreting this Confidentiality Stipulation.

31. *Violation or Threatened Violation of Stipulation.*   In the event anyone violates or threatens to violate the terms of this Confidentiality Stipulation, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating, or threatening to violate, any of the terms of this Confidentiality Stipulation, and in the event the aggrieved party shall do so, the respondent agrees that there is no adequate legal

remedy for a violation or threatened violation of this Confidentiality Stipulation, and shall not employ as a defense the claims that the aggrieved party possess an adequate remedy at law. The parties and any other person subject to the terms of this Confidentiality Stipulation agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Confidentiality Stipulation. *until Termination of This case* Any party who moves to enforce this provision may be entitled to recover attorneys' fees and costs related to such motion, at the discretion of the Court.

32. *Miscellaneous.* This Confidentiality Stipulation shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. The Confidentiality Stipulation is entered without prejudice to other stipulated protective orders relating to the confidentiality of resident or other information. This Confidentiality Stipulation in no way waives the right to object to producing information that may be protected in other ways, such as under statutes, rules, regulations, or constitutional protections. In addition, filing this Confidentiality Stipulation in the United States District Court for the District of Colorado is not intended to waive the defendants' right to arbitrate this matter. Further, the defendants are filing this Confidentiality Stipulation with the Court to protect any discovery related to the enforceability of the arbitration agreement. This Confidentiality Stipulation is without prejudice to the right of any party to seek relief from the Court or arbitrator, upon good cause shown, from the provisions contained in this document. Nothing contained in the Confidentiality Stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with

15

respect to the confidentiality or relief from this Confidentiality Stipulation regarding matter designated as Confidential Information.

33. *Effective Date.*   This Confidentiality Stipulation shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

34.        ~~So stipulated and agreed this~~ _27^Th_ day of ___July___, 2007.

*Done*

BY THE Court

[~~Signature pages to follow.~~]

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

LAW OFFICE OF J.M. REINAN, P.C.

*s/ Jerome M. Reinan*
Jerome M. Reinan, Esq.
Jordana Griff, Esq.
Law Offices of J.M. Reinan, P.C.
2150 W. 29th Ave., 5th Floor
Denver, CO  80211
Telephone:  (303) 894-0383
Facsimile:  (303) 894-0383
E-mail:  jreinan@reinanlaw.com
Attorney for Plaintiffs

GORDON & REES LLP

*s Jennifer C. Forsyth*
Thomas B. Quinn, Esq.
Jennifer C. Forsyth, Esq.
Gordon & Rees LLP
370 Seventeenth Street, Suite 4450
Denver, CO  80202
Telephone:  (303) 534-5160
Facsimile:  (303) 534-5161
E-mail:  jforsyth@gordonrees.com
Attorneys for Defendants

17