IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00595-MSK-MJW

JANIS M. REIGEL, individually,
BRENT A. REIGEL, individually, and
BRADLEY REIGEL, individually,

        Plaintiffs,

v.

CANYON SUDAR PARTNERS, L.L.C., a Delaware Limited Liability Company,
SAVASENIORCARE, L.L.C., a Delaware Limited Liability Company,
SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C., a Delaware Limited
Liability Company, and
SSC THORNTON OPERATING COMPANY, L.L.C., a Delaware Limited Liability Company,
all d/b/a ALPINE LIVING CENTER,
SUSAN KOPCINSKI, individually,
JACKIE CHO, individually, and
SARAH PEMKIEWICZ,

        Defendants.

## ORDER GRANTING LEAVE TO AMEND, AND TO REMAND CASE

THIS MATTER comes before the Court on several matters, as follows:

(1)    The Plaintiffs' motion to remand the case to state court **(#18)**, to which the Defendants[1] responded **(#29)** and the Plaintiffs replied **(#33)**.

(2)    The Defendants' motion to strike the Amended Complaint **(#28)**, to which the Plaintiffs responded **(#34)** and the Defendants replied **(#64)**.

---

[1] Four Defendants in this case are limited liability companies: Defendants Canyon Sudar Partners, LLC, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC and SSC Thornton Operating Company, LLC. For purposes of this ruling, the Court refers to them as "the Company Defendants." The remaining three Defendants are individuals, and are referred to as "the Individual Defendants." Collectively, both types of Defendants are referred to, simply, as "the Defendants."

(3) The Defendants' motion to compel arbitration **(#26)** and Defendant Kopcinski's joinder **(#83)** therein, and the Defendants' motion to supplement such motion **(#144 & #145)**. The Plaintiffs did not respond to these motions, and instead filed a related motion.

(4) The Plaintiffs' motion to declare the arbitration agreement to be facially invalid and unenforceable **(#96)**, to which the Defendants responded **(#117)** and the Plaintiffs replied **(#122)**.

(5) A motion to dismiss **(#27)** for lack of personal jurisdiction, filed by Defendants Canyon Sudar Partners, LLC and SavaSeniorCare, LLC, to which the Plaintiffs responded **(#50 & #95)** and these Defendants replied **(#67 & 119)**.

(6) The Defendants' appeal **(#74)** from the Magistrate Judge's Scheduling Order, to which the Plaintiffs responded **(#93)** and the Defendants replied **(#111)**.

(7) The Defendants' appeal **(#80)** from the Magistrate Judge's order allowing for limited discovery, to which the Plaintiffs responded **(#97)** and the Defendants replied **(#114)**.

(8) The Defendants' motion to stay discovery **(#75),** to which the Plaintiffs responded **(#94)** and the Defendants replied **(#110)**.

(9) The Defendants' unopposed motion to reset the trial date **(#140)**.

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I. Jurisdiction

For purposes of determining the issue presented by the motions which are pending in this matter, the Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Procedural Background

The Plaintiffs, who are Janis, Brent, and Bradley Reigel, commenced this action in the Adams County District Court in Colorado against the following Defendants: Canyon Sudar Partners, LLC, SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, LLC, SSC

Thornton Operating Company, LLC, and Murray Forman, an individual. The Plaintiffs asserted Colorado tort and statutory claims against all Defendants pertaining to the death of Dennis Reigel, who was the husband of Janis Reigel and the father of Brent and Bradley Reigel. While the action was still in state court, the Plaintiffs dismissed all claims against Mr. Forman.

The remaining Defendants then removed the action to this Court, and invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1332.[2] However, the Plaintiffs then filed an Amended Complaint **(#16)** and moved to remand the case to state court **(#18)** on the basis that the parties were no longer completely diverse. The Defendants oppose the motion, and have moved to strike the Amended Complaint. There are also various other motions pending in this action, as well as appeals from rulings by the Magistrate Judge, which the Court will address *infra*.

### III. Issue Presented

After removal of the action to this Court, the Plaintiffs, who are citizens of Colorado, amended their Complaint without leave of the Court based upon the belief that they could do so under Fed. R. Civ. P. 15(a). When they did so, they named three individual Defendants – Susan Kopcinski, Jackie Cho, and Sarah Pemkiewicz – all of whom are Colorado citizens. Thus, on the basis that the parties are no longer completely diverse, the Plaintiffs ask the Court to remand the case to state court pursuant to 28 U.S.C. § 1447.

The Defendants oppose the Plaintiffs' motion, and have moved to strike the Amended Complaint because the Plaintiffs did not seek leave of the Court before filing it. They argue that if

---

[2] Because the Court could not determine whether the parties were completely diverse, it issued an Order to Show Cause Why the Case Should Not Be Remanded to State Court **(#11)**. The Defendants filed an Amended Notice of Removal **(#14)**, and the Court discharged the Order to Show Cause **(#17)**.

3

the Amended Complaint is stricken, then there is no basis to remand the case to state court. In support of their motion to strike, they cite to Fed. R. Civ. P. 12(f) and 28 U.S.C. § 1447(e), and contend that the Plaintiffs were required to obtain leave of the Court to file their Amended Complaint.

The issue presented is whether the Court should allow the Plaintiffs to proceed with their Amended Complaint which names non-diverse Defendants, and if so, remand the case to state court.

### IV. Analysis

The parties' motions demonstrate an inherent tension between Fed. R. Civ. P. 15(a), which allows a plaintiff to amend a complaint without leave of the Court prior to the filing of a responsive pleading, and 28 U.S.C. § 1447(e),[3] which allows a Court to deny the joinder of non-diverse defendants whose joinder would destroy subject matter jurisdiction. The Tenth Circuit has not addressed the interaction of Rule 15(a) and § 1447(e), but at least one circuit court has concluded that the right to file an amended complaint under Rule 15(a) without leave of the court gives way to the district court's obligation to scrutinize amended pleadings in removed cases. *See Mayes v. Rapoport,* 198 F.3d 457, 462 n.11 (4th Cir. 1999). This is consistent with *dicta* in the Tenth Circuit's decision in *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991), where it stated that it is incorrect to assume that "a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action," and then noted that the propriety of the removal is determined based

---

[3] 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

upon the complaint at the time of removal.[4]   L

Like the Fourth Circuit, this Court concludes that, in a removed case, a plaintiff cannot file an amended complaint without leave of the Court if doing so would destroy diversity jurisdiction. This is because, as the Tenth Circuit acknowledged in *Pfeiffer*, a plaintiff cannot force a remand simply by amending its complaint without leave of the court.  Conversely, the Court also concludes that if leave to amend is given, and non-diverse parties are added, then the case must be remanded under 28 U.S.C. § 1447(e).  This is because the presence of non-diverse defendants deprives this Court of subject matter jurisdiction under 28 U.S.C. § 1332.

In deciding whether to allow amendment of a complaint under 28 U.S.C. § 1447(e) to join non-diverse parties, the Fourth Circuit suggests that a court consider various factors, including: (1) whether the purpose of amendment is to defeat jurisdiction; (2) if the plaintiff was dilatory in asking to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other equitable factors.  *See Mayes*, 198 F.3d at 462.  The Defendants urge the Court to consider these four factors, as well as factors considered by other courts, such as whether the parties a plaintiff seeks to join are necessary under Fed. R. Civ. P. 19, the apparent validity of the claim, and the risk that denial of the amendment could result in parallel litigation in different courts.

In asking the Court to strike the Amended Complaint, the Defendants contend that the timing of the amendment – after removal and prior to discovery – shows that its purpose is to

---

[4]However, the Tenth Circuit in *Pfeiffer* did not address 28 U.S.C. § 1447(e), which states that if a court allows for the joinder of non-diverse parties, the action is to be remanded to state court; rather, the Tenth Circuit only considered whether the action was improvidently removed, which is a question not before this Court.

defeat federal jurisdiction. They also contend that this purpose is shown because the Plaintiffs did not name fictitious defendants in their original Complaint, and because the Plaintiffs knew the names of at least two of the Individual Defendants (Ms. Cho and Ms. Pemkiewicz) when they commenced this action. The Defendants also contend that the Plaintiffs have used dilatory tactics by simply filing an Amended Complaint without a motion for leave to do so. Next, the Defendants contend that the Plaintiffs will not be significantly injured if they are not given leave to amend their Complaint, because they assert precisely the same claims against the Company Defendants, and the Individual Defendants are alleged to have been acting within the course and scope of their employment. Finally, the Defendants contend that the equities weigh against allowing the amendment, because the Plaintiffs can obtain complete relief from the Company Defendants. Thus, they ask the Court to strike the Amended Complaint under Fed. R. Civ. P. 12(f).[5]

The Plaintiffs ask that the Court not strike their Amended Complaint and instead authorize it. They assert that the Individual Defendants have not been joined for the purpose of destroying federal jurisdiction, but instead because of their conduct – including conduct outside the scope of their employment – which makes them individually liable. In an affidavit, their counsel states that Defendants Kopcinski and Pemciewicz were not named in the original Complaint because he did not know their names, the medical records he received were illegible, and there was confusion as

---

[5] Rule 12(f) provides: "(f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any **redundant, immaterial, impertinent, or scandalous matter**." (Emphasis added). This rule has no obvious application to the Defendants' motion to strike the Amended Complaint.

to who was the acting director of nursing. Their counsel also states in his affidavit that the decision to name Defendant Cho was made after the Plaintiffs' expert advised him that Ms. Cho's conduct constituted the unlicensed and unauthorized practice of medicine and nursing.[6]

The Court cannot conclude that the purpose of the amendment is to defeat jurisdiction, for several reasons. First, the claims in the original Complaint pertained to treatment received by Dennis Reigel at the Alpine Living Center. Many of the allegations pertained to nursing staff, who were not specifically identified. The Plaintiffs complained that nursing staff at the Alpine Living Center failed to monitor Dennis Reigel's condition and to advise a physician of his changed condition. The Plaintiffs also alleged that Janis Reigel sought assistance from Dennis Reigel's R.N. and L.P.N., who are now identified in the Amended Complaint as Defendants Kopcinski and Pemkiewicz. The claims in the original Complaint were also premised upon numerous alleged acts and omissions of unnamed employees of the Alpine Living Center. According to the affidavit of the Plaintiffs' counsel, the nursing staff was unnamed in the original Complaint only because he did not know their names; his sworn statement is unrebutted.

Second, the allegations in the Amended Complaint demonstrate that the claims against the Defendants are primarily based upon alleged conduct by the Individual Defendants, against whom the Plaintiffs seek to impose individual liability. The Plaintiffs allege that two of the Individual Defendants – Kopcinski and Pemkiewicz – were nurses at the Alpine Living Center and were responsible for Dennis Reigel's care. The Plaintiffs claim that while Dennis Reigel was at the Alpine Living Center, his physical condition changed, but these nurses failed to monitor his pulse, fluid intake, and fluid output, and did not notify his physician or wife of his changed condition.

---

[6] Counsel's sworn assertions are neither rebutted nor contested by the Defendants in their reply.

They also claim that Ms. Kopcinski assured Dennis Reigel's wife, Janis, that he was okay and not in need of urgent treatment. They then claim that Ms. Pemkiewicz failed to assess Dennis Reigel's condition, and assured Janis Reigel that he was fine and did not need urgent attention. The Plaintiffs claim that Janis Reigel then sought help from Defendant Cho, who told Janis Reigel that "if it was an emergency, we would call an ambulance," then "wrote Mrs. Reigel off as unnecessarily 'freaking out.'" The Plaintiffs allege that eventually, an ambulance was called, and Dennis Reigel was brought to an emergency department where he was diagnosed as having had one or two heart attacks within the previous 24 to 48 hours. They claim that because of the delay in seeking treatment, his condition was no longer treatable, and he died. In light of these allegations, the Court cannot conclude that the purpose of the request to add the Individual Defendants is to defeat jurisdiction.

The Court also cannot conclude that the Plaintiffs were dilatory in their request to amend. They sought to amend their Complaint less than one month after the case was removed, approximately three months after the case was commenced, and promptly after the Plaintiffs attorney learned the names of the nursing staff or determined that a claim could be stated against Ms. Cho for the unauthorized practice of medicine. The fact that the Plaintiffs did not name place-saver Jane Doe defendants in their original Complaint is of no consequence.

The Plaintiffs may be significantly injured if amendment is not allowed. They seek to hold the Individual Defendants individually liable for acts allegedly committed outside the scope of their employment. If the Court were to disallow the amendment, then the Plaintiffs would be compelled to seek relief against the Individual Defendants on precisely the same claims based upon precisely the same evidence in another forum, which would be an inefficient use of judicial

resources and more costly to the Plaintiffs.

Therefore, the Court declines to strike the Amended Complaint, and instead authorizes its filing. Consequently, the parties are no longer diverse, and the Court is compelled to remand the case to state court under 28 U.S.C. § 1447(e) without consideration of the merits of the remaining motions and appeals which are pending in this case.

**IT IS THEREFORE ORDERED** that:

(1) The Defendants' motion to strike the Amended Complaint **(#28)** is **DENIED**.

(2) The Court grants the Plaintiffs leave to file their Amended Complaint **(#16).**

(3) The Plaintiffs' motion to remand the case to state court **(#18)** is **GRANTED**. The Clerk of Court is directed to remand this action to the Adams County District Court.

Dated this 5th day of November, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge